In re DAWLEY.

(District Court, D. Vermont. June 17, 1899.)

No. 47.

BANKRUPTCY—EXEMPTIONS—HOMESTEAD.

Where the bankrupt had a tenement house, in which he reserved a room for the storage of certain household and personal effects, but boarded at a restaurant, and lodged in furnished rooms elsewhere, and did not keep house, and had no family using, or for which he was keeping, any of the premises, *held*, that he was not entitled, under the laws of Vermont, to claim a homestead in the tenement house.

In Bankruptcy. On review of decision of referee in bankruptcy.

Butler & Moloney, for petitioner.

D. P. Peabody, pro se.

WHEELER, District Judge. The bankrupt appears to have had a tenement house, in which he reserved a room, where he stored some

household and personal effects, but he boarded at a restaurant, and had furnished rooms elsewhere, in which he lodged. The trustee and referee have refused to set out a homestead as exempt in the tenement house, and this is a review of that proceeding. The opinion of the referee seems to well show that no part of the house was used or kept as a homestead by him, within the meaning of the statutes of the state on that subject, as construed by the supreme court of the state. Moreover, homesteads are given in this state only to housekeepers, or heads of families. The bankrupt does not appear to be either. He is a boarder, and does not keep house, and is not a housekeeper. He has no family using, or for which he is keeping, any of the premises, and is not the head of a family. Not but that a single man or woman, without relatives even, might be a housekeeper, or a head of a family, as to a homestead; but the ability to be such is not enough; the condition must exist. It did not as to the bankrupt. Decision affirmed.